IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEE BURRELL,** *Plaintiff* | § § § | Civil Action No.: |
| v. | § § | Complaint for Accommodation Discrimination Under the A.D.A. |
| **ALFRED AKINOLA; VICTORIA F. AKINOLA; and NAAMAN COMMUNITY HEALTH SERVICES, INC.,** *Defendants* | § § § § § § | 3-15CV-3568 B  JURY TRIAL |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff **Lee Burrell** is an individual with a disability. Plaintiff brings this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq* and the TEX. HUM. RES. CODE § 121.001 *et seq*. This Complaint seeks redress for past and continuing discrimination against persons with disabilities and to bring the premises into compliance with the ADAAG[1]. This discrimination is occurring at the office building at 115 Executive Way, DeSoto, Texas (the "Center").

2. Plaintiff seeks to enjoin the Defendants from maintaining and to require that the Defendants remove the architectural barriers that interfere with Plaintiff's right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Defendants at this Center.

3. Plaintiff also seeks a permanent injunction to prevent the Defendants from engaging in these unlawful practices, as well as declaratory relief and attorney's fees and costs of litigation.

---

[1] Federal ADA Guidelines for Buildings and Facilities, 28 C.F.R. Part 36, Appendix A, (the "ADAAG").

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

Page 1 of 12

## JURISDICTION

4.     This Court has jurisdiction over the federal claims brought in this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188 and supplemental jurisdiction over any state claims pertaining to this discrimination under 28 U.S.C. § 1367.

## PARTIES

5.     Plaintiff **Lee Burrell** is an individual with a disability within the meaning of the ADA Sec. 3(2)(A), 42 U.S.C. 12102(2)(A)), and a "Person with a disability" as defined by TEX. HUM. RES. CODE § 121.002(4). He uses a wheelchair for mobility.

6.     Defendant **Alfred Akinola** is an individual who jointly owns the real property where the office building in this case is located. Mr. Akinola may be reached at the place of business at 115 Executive Way, DeSoto, Texas 75115, or at 810 Burney Court, Cedar Hill, Texas 75104-3178.

7.     Defendant **Victoria F. Akinola** is an individual who jointly owns the real property where the office building in this case is located. Mrs. Akinola may be reached at the place of business at 115 Executive Way, DeSoto, Texas 75115, or at 810 Burney Court, Cedar Hill, Texas 75104-3178. Defendants Alfred Akinola and Victoria F. Akinola are herein collectively referred to as the "Landlords."

8.     Defendant **Naaman Community Health Services, Inc.** is a Texas corporation doing business in Texas. Naaman Community Health Services, Inc. owns the health services business located at the Center. Alfred Akinola is the Registered Agent for service of process, and he may be reached at 1418 Kaylor Drive, DeSoto, Texas 75115. Naaman Community Health Services, Inc. is herein referred to as the "Tenant."

9.     The Landlords own the real property where the Center is located. The Landlords

presumably "lease to" the tenants who then own or operate the businesses within the Center. There are numerous different businesses located at the Center such as Naaman Community Health Services, Inc.. Each of these businesses, as tenants, are also jointly and severally responsible for the access into their premises under the ADA. The Center has its own parking and is generally located at 115 Executive Way, DeSoto, Dallas County, Texas, and more particularly described in Dallas County records as Hampton Road Acres Rev Rep, Tr C, Lot 3, Acs 0.505. The real property is referred to as the Center and has a value in excess of $336,000.

## BACKGROUND

10. More than 25 years ago Congress determined that disabled people, such as the Plaintiff, were being discriminated against by businesses, such as the Center. Specifically Congress found *inter alia* the following:

> (a) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;
>
> (b) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;
>
> (c) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;
>
> (d) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;
>
> (e) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and

> communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; 42 S.C. 12101(a).

11. As a result of these findings the Congress passed the Americans with Disabilities Act (the "ADA"), 42 U.S.C. Sec. 12101 *et seq*. That act forms the basis for this action. The ADA was designed to do several things, specifically among other things:

>   (a) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
>   (b) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; 42 U.S.C. 12101(b).

12. As a result of Mr. Burrell's disability, using many public accommodations is already difficult. The Defendants, by failing to comply with the law, continue the discriminatory effects that the law sought to reform. Under the law, both the landlords who own the building and the tenants who own or operate the places of public accommodation are liable for the violations of the ADA alleged herein. <u>As between those parties</u>, allocation of responsibility for complying with the obligations of the ADA may be determined by lease or other contract. 36 C.F.R. 201 (b).

## PRE-SUIT NOTICE WAS PROVIDED

13. Congress provided that the primary enforcement mechanism for the ADA would be private citizens. Private citizens have been given the right to file suit to enforce this civil rights law to assure access to the public accommodations in the United States. Mr. Burrell, through this suit, seeks to enforce that right. The Center is completely under the control of the Defendants. Therefore the existence of the barriers is the responsibility of the Defendants in this case. The Plaintiff has no control of the Center or the fact that he is disabled. The existence and

requirements of the ADA are well known and should come as no surprise to any entity operating a business or owning commercial property.

14. No pre-suit notice is required under the statute, however, prior to filing suit counsel for Plaintiff provided the Landlords with written notice that there were complaints about the Property and provided an opportunity to formally settle this matter without the need for a formal lawsuit. Instead of attempting to resolve the matter the Defendants notified the Plaintiff that he would have to find another provider. The Defendants chose to retaliate against the Plaintiff for notifying them of the discrimination he encountered.

## FACTS

15. Mr. Burrell uses a wheelchair for mobility. Mr. Burrell lives in Dallas, Texas and recently had to go to the Center to resolve an issue regarding his disability. He found when he got there that he could not get into the business because of architectural barriers.

16. The Center is an office complex with its own parking. The Center has several key architectural barriers. First of all there is no accessible route to any of the businesses from the public street or sidewalk as required. Next there is no accessible route into the Naaman's Health Center from any parking. There is no accessible parking at the Center.

17. This is not a complete list of the barriers at the Center. A complete list will be provided to the Defendants after discovery is conducted. This listing is merely intended to provide the Defendants with information sufficient to conform to the notice pleading requirements. The Center has not been brought into compliance with the requirements of the ADA over the last 25 years. It was readily achievable for the Defendants to have removed at least one of the architectural barriers that exists at the Center.

18. Upon each visit Mr. Burrell will encounter some of the above listed architectural barriers at the Center. Despite those barriers he will continue to try and use the Center as best as he can.

19. The barriers located at the Center discriminate against him with regards to using the goods, services, facilities, privileges, advantages, and accommodations located at the Center as required by the law.

20. As a result of the Defendants' conduct and in order to pursue this matter Plaintiff retained counsel with more than 25 years of experience, including having been appointed class counsel on several occasions to represent mobility impaired individuals of Texas. The Plaintiff has agreed to pay his attorney a reasonable fee. Pursuant to his statutory rights, Mr. Burrell will seek to recover his fees and any costs in this litigation from the Defendants if he is the prevailing party in this case.

## CAUSES OF ACTION

### Count 1
### ADA - Failure to Accommodate When Removal was Readily Achievable

21. The law requires that "[n]o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates a place of public accommodation*". 42 U.S.C. § 12182(a) (italics added).

22. A facility means all *or any portion of buildings*, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. part 36.104 Definitions (italics added).

23. The Center and the businesses in it are public accommodations.

24.     The ADA places an ongoing obligation on all public accommodations to remove architectural barriers from existing facilities and public accommodations if that removal is readily achievable.

> Readily achievable means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable factors to be considered include --
>
> (1)     The nature and cost of the action needed under this part;
>
> (2)     The overall financial resources of the site or sites involved in the action; the number of persons employed at the site; the effect on expenses and resources; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the action upon the operation of the site;
>
> 28 C.F.R. part 36.104 Definitions

25.     The Center has an overall value of more than $336,000. The Defendants, like the owners or operators of all public accommodations, have known or should have known about the obligation to make alterations to provide access into the Center. Further, the defendants were notified before this suit was filed that the barriers exist. It has been readily achievable for the Defendants to have removed at least one of the barriers set out earlier in the "Facts" portion of this Complaint, or other barriers that still exist at the Center, but they have not done so.

26.     The Justice Department has set out the priorities for barrier removal. Specifically, the Justice Department has determined as follows:

> (c)     Priorities. A public accommodation is urged to take measures to comply with the barrier removal requirements of this section in accordance with the following order of priorities.
>
> > (1)     First, a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp, widening entrances, and providing accessible parking spaces.

28 C.F.R. part 36.304(c) (emphasis added)

27. The barriers that exist at the Center include non-compliant accessible parking, no accessible route into many of the Businesses at the facility, and no accessible route from public sidewalks to the front door. <u>25 years after this law went into effect this Center is operating with the exact same types of barriers that would have had existed before the law was passed and which the law was intended to remove. The Defendants have failed to remove the barriers that are the most basic priority in order to provide access to the facility.</u>

28. The Defendants discriminate against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Center in that the Defendants own or operate a public facility but do not afford to Plaintiff or any other mobility impaired individual the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Center as required by law because the Defendants have failed to remove barriers where the removal was readily achievable.

29. As a direct and proximate result of the Defendants' denial of appropriate and dignified access into and use of the Center, the Defendants deprive the Plaintiff of his civil liberties and thereby discriminate against him.

## Count 2
## ADA - Improper Alterations

30.     36 C.F.R. 406 provides that, "(a) new construction <u>and alterations</u> subject to this part shall comply with the standards for accessible design published as appendix A to this part (ADAAG)." (emphasis added) As such the law requires that alterations be built in compliance with the ADAAG new construction standards.

>   (a)   General.
>
>   >   (1)   Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.
>   >
>   >   (2)   An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.
>
>   (b)   Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.
>
> 28 C.F.R. 36.402

31.     The facts in this Complaint set out and describe numerous features at the Center that "affect or could affect the usability of the building or facility or any part thereof." Some of the barriers, upon information and belief, were modified after the date of construction and after the date for "modifications" under the ADA. Until discovery is conducted, the Plaintiff cannot know exactly when any possible modifications were completed. When modifications affecting the usability of the Center are designed and constructed after the requirements of the ADA went into effect those modifications must comply with the ADAAG for new construction.

32.     The Defendants discriminate against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Center in that, the Defendants own or operate a public facility but do not afford to Plaintiff or any other mobility impaired individual the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Center as required by law because Defendants have failed to ensure that the alterations or modifications made after January 26, 1992 are accessible to the maximum extent feasible.

33.     As a direct and proximate result of the Defendants' denial of appropriate and dignified access into and use of the Center, the Defendants have deprived Plaintiff of his civil liberties and thereby discriminated against him.

### Count 3
### TEX. HUM. RES. CODE – Discrimination

34.     TEX. HUM. RES. CODE § 121.003(a) provides that persons who are physically disabled have the same right as the able-bodied to the full use and enjoyment of any public facility in the state.

35.     TEX. GOVT. CODE § 469.003 (Vernon 2003) defines one set of public facilities covered by the law, specifically, "a privately funded building or facility defined as a "public accommodation" by Section 301(7) of the Americans with Disabilities Act of 1990 (42 U.S.C. Section 12181), and its subsequent amendments, that is constructed or renovated, modified, or altered on or after January 1, 1992" (emphasis added). The Center is covered under this definition as previously set out in this Complaint.

36.     The State of Texas, Texas Accessibility Standards (the "TAS") of the Architectural Barriers Act, Article 9102, Texas Civil Statutes, are similar to and closely track the ADAAG.

*PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL*

The TAS clearly sets out certain requirements for public accommodations such as the Site with regards to design requirements.

37. Complying with the TAS is a requirement of Chapter 469 of the Government Code. Violation of TAS is therefore a violation of Chapter 469. A violation of Chapter 469 is a violation of § 121.003(d) (1) of the TEX. HUM. RES. CODE because § 121.003 (d)(1) specifically states that a failure to comply with Article 9102, Texas Civil Statutes is a form of discrimination in Texas. Therefore violation of the TAS requirements is a violation of § 121.003 of the TEX. HUM. RES. CODE. Article 9102 was simply codified into Chapter 469 of the Government Code in 2003.

38. Many of the architectural barriers previously set out in the "Facts" portion of this Complaint regarding the access at the Center may be violations of the TAS requirements as well as the ADAAG, including the curb cuts for the parking.

39. Any public facility that violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties. The person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction, and *there is a conclusive presumption of damages in the amount of no less than $100*. TEX. HUM. RES. CODE § 121.004(b). (Italics added.)

40. As a direct and proximate result of the Defendants' violation of Texas law and the denial of appropriate and dignified access into and use of the Center, the Defendants deprived Mr. Burrell of his civil liberties. Mr. Burrell suffered inconvenience and the indignity and stigma of discrimination as a result.

### *REQUEST FOR RELIEF*

*Wherefore* Plaintiff respectfully requests that the Court grant the following relief:

41.     An order directing the Defendants to make modifications to the Center to bring it into compliance with State and Federal law.

42.     An order directing the Defendants to stop discriminating against Mr. Burrell now and in the future.

43.     An award to Plaintiff for his attorney's fees, including litigation expenses, and costs.

44.     Entry of money judgment against the Defendants, awarding Mr. Burrell damages for the violation of his civil rights under Texas state law in an amount no less than the statutory minimum of $100.00 for each violation of his civil rights under state law.  The exact amount to be determined by the trier of fact.

45.     An award to Plaintiff for all other relief legal and equitable which the Court deems just and proper.

Respectfully submitted November 3, 2015 by,

Mr. Palmer D. Bailey
Bar Card No. 01533400
Law Office of Palmer Bailey,
16633 Dallas Parkway, Ste. 600
Addison, TX 75001
Tel.  972.588.1863
Fax. 972.588.1801
pdbaileyesq@gmail.com

**Attorney for Plaintiff**

*Plaintiff demands a trial by jury.*

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LEE BURRELL | ALFRED AKINOLA, VICTORIA F. AKINOLA and NAAMAN COMMUNITY HEALTH SERVICES, INC |
| (b) County of Residence of First Listed Plaintiff **Dallas** | County of Residence of First Listed Defendant _____ |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
| Palmer D. Bailey, Law Office of Palmer D. Bailey 16633 Dallas Parkway, Ste. 600, Addison, Texas 75001 972.588.1863 | 3-15CV-3568 B |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / PERSONAL PROPERTY | LABOR | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 896 Arbitration |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | FEDERAL TAX SUITS | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | Habeas Corpus: | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | |
| ☐ 240 Torts to Land | ☒ 443 Housing/ Accommodations | ☐ 535 Death Penalty | IMMIGRATION | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 12011 et seq

Brief description of cause:
Complaint for discrimination under the ADA for accommodations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: *(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE: 11/03/2015   SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____





# LAW OFFICE OF PALMER BAILEY

*A Professional Corporation*
*16633 Dallas Parkway, Ste. 600*
*Addison, Texas 75001*
Tel. *972.588.1863*   Fax. *972.588.1801*
*pdbaileyesq@gmail.com*

---

November 3, 2015

United States District Court
Attn: District Clerk
1100 Commerce Street, 14th Floor
Dallas, TX 75242

    RE:  New Case filing:

To The Clerk of the Court:

    Please file this case in the normal course of business. I have also submitted summons' to be prepared. I do not need them returned to me I will obtain them from the court's website. If there are any questions please don't hesitate to contact my office.


Sincerely,

/s/Palmer D. Bailey

Mr. Palmer D. Bailey

w/enclosure