UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| LEE BURRELL | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| Vs. | § | |
| | § | CIVIL ACTION 3:15-CV-3568-B |
| ALFRED AKINOLA, VICTORIA F. | § | |
| AKINOLA, and NAAMAN COMMUNITY | § | |
| HEALTH SERVICES, INC. | § | |
| | § | |
| Defendants | § | |

## MOTION TO DISMISS FOR FAILURE

## TO STATE A CLAIM

TO THE HONORABLE JUDGE OF SAID COURT

COME NOW DEFENDANTS ALFRED AKINOLA, VICTORIA F. AKINOLA, and NAAMAN COMMUNITY HEALTH SERVICES, INC., and file this their Motion to Dismiss for Failure to State a Claim, and in support thereof would show:

I

BACKGROUND

This suit is brought under the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. In addition, Plaintiff pleads a pendent state claim under Texas Human Resources Code §121.003.

Plaintiff alleges that he is a disabled person within the meaning of the Act, because he uses a wheelchair for mobility.[1]  He alleges that Defendants Alfred Akinola and Victoria Akinola own a building in Dallas County, Texas, that has "barriers" that prevent or hinder Plaintiff's

---

[1] Complaint, para 15, Doc 2.

ability to access the site.  Plaintiffs allege that Defendant NAAMAN COMMUNITY HEALTH SERVICES, INC., operates a business at the premises the subject of the suit; and, as a tenant are equally liable.

The premises the subject of this suit are located at 115 Executive Way, DeSoto, Texas.[2] He alleges that the parking lot of the property has "architectural barriers"  that make it impossible for Plaintiff to access the Naaman site with his wheelchair.[3]  Plaintiff fails to identify any of the alleged architectural barriers.  Plaintiff alleges that the building is over 25 years old, and complains that during this time the complained of condition has not been remediated, notwithstanding that such is "readily achievable".[4]

Plaintiff complains that Defendants are in violation of the Act because, notwithstanding the age of the property, the unstated architectural barriers have not been removed.  Plaintiff complains that the property has a value in excess of $336,000, and therefore, the owners knew or should have known that the removal of barriers was required.[5]

Count 2 of the Complaint alleges "improper alterations" of the property.  Plaintiffs fail to allege the nature and timing of any such alleged "alteration", and states that such knowledge cannot be achievable until the completion of discovery.[6]

Count 3 alleges violations of Tex.Hum.Res.Code §121.003.  Plaintiff complains that a reading in tandem of that provision with Government Code §469.001 states a state law claim based upon the same set of facts as those stated as the basis for the federal claims.

---

[2] Complaint, para 1, Doc 2.
[3] Id at para. 16
[4] Id para 17

Defendants urge that Plaintiff has failed to state a claim for relief.  Defendants move the Court to dismiss the Complaint with prejudice

II

AUTHORITY FOR MOTION

This Motion is brought pursuant to Rule 12(b)(6), which provides that a defendant may file a Motion to Dismiss for failure to state a claim upon which relief can be granted.

The purpose of a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief, and not to  determine the facts or merits of the case. *See Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1982), *cert denied*, 476 U.S. 1159 (1986);  *Goldin, Peiser & Peiser, L.L.P. v. Delta Brands, Inc.*, No. 3:02-CV-0127-M, 2002 WL 550450, at *1 (N.D. Tex. Apr. 11, 2002);  As the United States Supreme Court recently restated: "The pleading standard  Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an  unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcraft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"(id.  quoting Twombly, 550 U.S. at 555) "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' Id at 557 "To survive a motion to dismiss, a complaint must contain sufficient factual  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"id at 570 While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted  unlawfully."id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." Id at 557

An examination of the substantive law discloses that Plaintiff has failed to plead a plausible claim for relief.  Indeed, Defendants urge that Plaintiff has plead facts that demonstrate that there is no liability.  Accordingly, the Complaint should be dismissed

III

AMERICANS WITH DISABILITY ACT

Count 1

The Americans with Disabilities Act was enacted on July 26, 1990, and codified as 42 U.S.C. §12101, et.seq.  Plaintiff sues alleging that Defendants have violated §12182 because there are "architectural barriers" on the property that impede his ability to access businesses at the property.  Plaintiff refers to the General Rule, which states:

"(a) General rule

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. §12182 (a)

This provision, however, apples to facilities coming into use in 1993.  42 U.S.C. §12183 (a) provides:

"Except as provided in subsection (b) of this section, as applied to public accommodations and commercial facilities, discrimination for purposes of section 12182(a) of this title includes--

(1) a failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to

meet the requirements of such subsection in accordance with standards set forth or

incorporated by reference in regulations issued under this subchapter;

42 U.S.C.A. § 12183 (West)

Defendants acknowledge that facilities that are modified after the effective date of the statute

must be in compliance with the Act, too.

> "**2)** with respect to a facility or part thereof that is altered by, on behalf of, or for the use
>
> of an establishment in a manner that affects or could affect the usability of the facility or
>
> part thereof, a failure to make alterations in such a manner that, to the maximum extent
>
> feasible, the altered portions of the facility are readily accessible to and usable by
>
> individuals with disabilities, including individuals who use wheelchairs. Where the entity
>
> is undertaking an alteration that affects or could affect usability of or access to an area of
>
> the facility containing a primary function, the entity shall also make the alterations in
>
> such a manner that, to the maximum extent feasible, the path of travel to the altered area
>
> and the bathrooms, telephones, and drinking fountains serving the altered area, are
>
> readily accessible to and usable by individuals with disabilities where such alterations to
>
> the path of travel or the bathrooms, telephones, and drinking fountains serving the altered
>
> area are not disproportionate to the overall alterations in terms of cost and scope (as
>
> determined under criteria established by the Attorney General)."

42 U.S.C.A. § 12183 (West)

In his Complaint, Plaintiff acknowledges that the building is over twenty-five years old.

Thus, it was constructed before the effective date of the Act.  Plaintiff generally alleges that there

had been modifications to the premises subsequent to that date.  However, there is a paucity of

facts alleged to support this conclusion.

Plaintiff urges that that the premises are subject to the Act because necessary modifications such alterations would be readily achievable.[7]  However, there is no affirmative duty for the owner of property built before the effective date of the Act to remediate.  The duty only applies when modifications to the subject property are made.  However, there is no affirmative duty to make modifications unless alterations are otherwise being constructed.

28 C.F.R. §36.401(a) is makes the Act applicable to new facilities for "first occupancy after January 26, 1993".  §36.402(a) provides that the Act is applicable to facilities altered after January 26, 1992, "so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.  Nowhere does either the Act or the applicable regulations impose an affirmative duty upon the party in control of a facility to make modifications.

## Count 2

Plaintiff next sues for "Improper Alterations.  This count suffers a similar set of infirmities as are found in Count 1.  In essence, in this Count Plaintiff alleges that Defendants had made alterations to the facility, and because such alterations failed to bring the facility into compliance with the Act they were "improper".  However, not one fact is alleged from which it may be deduced that any modifications to the facility had ever been effected which would have triggered the requirement to "remove architectural barriers".  Plaintiff seeks leave to continue this litigation to conduct discovery to ascertain the facts he needs to establish his claim.  It appears that no efforts were undertaken by him to investigate this claim prior to filing.  No allegation was made that a search of building permits was conducted to determine if any prior owner, or Defendants, ever sought any modifications to the facility.  Instead of doing his due diligence, Plaintiff seeks to

---

[7] Para 15

impose upon Defendants substantial litigation costs.

Defendants urge that no plausible claim for relief has been stated by Plaintiff as to Count 2; and, it too, should be dismissed with prejudice.

Count 3

The last claim plead by Plaintiff is under Texas Human Resources Code §121.003, et. seq. This provision is read in tandem with Government Code §469.003, et.seq.  A reading of the relevant statutes reveals that here, too, Plaintiff has failed to plausibly plead a claim for relief.

Human Resources Code §121.003(c) provides that "(c) No person with a disability may be denied admittance to any public facility in the state because of the person's disability. No person with a disability may be denied the use of a white cane, assistance animal, wheelchair, crutches, or other device of assistance."  The statute then further defines the conduct necessary to be in violation of this statutory scheme.

  "(d) The discrimination prohibited by this section includes a refusal to allow a person with a disability to use or be admitted to any public facility, a ruse or subterfuge calculated to prevent or discourage a person with a disability from using or being admitted to a public facility, and a failure to:

 (1) comply with Chapter 469, Government Code;

(2) make reasonable accommodations in policies, practices, and procedures; or

(3) provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility."

(Tex. Hum. Res. Code Ann. § 121.003 (West)

Government Code Chapter 469 makes this provision inapplicable to Defendants.  It limits facilities

subject to the act to "(5) a privately funded building or facility that is defined as a "commercial facility" by Section 301, Americans with Disabilities Act of 1990 (42 U.S.C. Section 12181), and its subsequent amendments, and that is constructed, renovated, or modified on or after September 1, 1993." Government Code §469.001. Thus, on its face, Plaintiff fails to plead a cause of action under the state statutory scheme.

Moreover, the relief sought by Plaintiff under his putative state claim is not available. §121.004 provides for certain criminal penalties for violating the act. In addition, §121.004(b) provides for presumptive penalties of $300 for violating the act. There is no provision for injunctive relief.

Defendants urge that the fact of Plaintiff's Complaint discloses that he is not entitled to relief. Therefore, his Complaint should be dismissed with prejudice.

Respectfully submitted,


/s/ Kenneth S. Harter
Kenneth S. Harter
State Bar ID 09155300

LAW OFFICES OF KENNETH S. HARTER
1620 E. Beltline Rd.
Carrollton, Tx. 75006
(972) 242-8887
Fax(972) 446-7976
kenharter@tx.rr.com
Attorneys for Defendants


CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on counsel of record via the Court's e-filing system, on February 3, 2016.

/s/ Kenneth S. Harter
Kenneth S. Harter