UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE BURRELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-3568-B |
| | § | |
| ALFRED AKINOLA; VICTORIA F. AKINOLA; and NAAMAN COMMUNITY HEALTH SERVICES, INC., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees. Doc. 30. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

### I.

### BACKGROUND

The Court previously entered final judgment in favor of Plaintiff Lee Burrell in this Americans-with-Disabilities-Act (ADA) case. Doc. 29, Order & Final J., 1–2. Now Burrell seeks an award of attorney's fees and litigation-related costs in the amount of $22,535. Doc. 32, Pl.'s App'x, 13. He also seeks $6000 for future fees to enforce the Order. *Id.* at 4. In support of his Motion, Burrell attaches (1) an affidavit from his counsel, (2) the legal services agreement, (3) and his counsel's time entries. *See generally id.*

### II. LEGAL STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure governs costs and attorney's fees. Under

the American Rule, prevailing parties generally cannot recover attorney's fees without a statutory or contractual basis. *Summit Valley Indus., Inc. v. United Bhd. of Carpenters & Joiners*, 456 U.S. 717, 721 (1982). Rule 54(d)(2) provides the procedure for the prevailing party, by motion, to specify the statute, rule, or other grounds entitling them to the award. The ADA, the legal basis for this case, permits the prevailing party to recover reasonable attorney's fees and litigation-related costs. 42 U.S.C. § 12205. Burrell is the prevailing party because the Court entered default judgment against the Defendants. Doc. 29, Order & Final J., 1–2. So Burell is entitled to attorney's fees and costs.

There is a two-step process to determine whether an award for attorney's fees is reasonable. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). First, the Court must calculate the lodestar by multiplying the "number of hours reasonably expended . . . by the prevailing hourly rate in the community for similar work." *Id.* (internal citation and quotation marks omitted). "There is a strong presumption of the reasonableness of the lodestar amount." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Then the Court applies the twelve *Johnson* factors to the lodestar to decide whether it should be adjusted. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

## III.

## ANALYSIS

The Defendants have not filed a response to Burrell's Motion, but the Court must still verify that he is entitled to the amount he seeks. *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages."). Burrell's counsel spent fifty-one hours working on this case at a rate of $400 per hour. Doc. 32, Pl.'s App'x, 13. After reviewing

the attached billing invoices and counsel's declaration, the Court is satisfied that counsel's rate is the prevailing hourly rate in the community for similar work and that the time billed was not excessive, duplicative, or inadequately documented. By multiplying the hourly rate by the number of hours counsel spent on this case, the Court arrives at a lodestar in the amount of $20,400. And the *Johnson* factors[1] do not justify adjusting the lodestar. So the Court **GRANTS** Burrell's Motion to the extent that he should be awarded attorney's fees in the amount of $20,400.

The ADA also entitles Burrell to recover costs. 42 U.S.C. § 12205. There are three costs for which Burrell seeks reimbursement : the filing fee ($400), the service fee ($235), and the mediation fee ($1500). Doc. 32, Pl.'s App'x, 9, 13. The Court **GRANTS** Burell's Motion in this respect and awards him costs in the amount of $2135.

But the Court **DENIES** Burrell's Motion to the extent he requests an additional $6000 to enforce the Court's Order. "Potential and estimated damages associated with possibly having to . . . pay future attorney's fees to recover on a judgment are simply too speculative and outside the realm of damages [Burrell] can establish [he] suffered or will suffer with a reasonable degree of certainty." *Adonai Commc'ns, Ltd. v. Awstin Invs., L.L.C.*, No. 3:10-CV-2642-L, 2017 WL 5992227, at *5 (N.D. Tex. Dec. 1, 2017). Therefore, Burrell is only entitled to attorney's fees incurred as of today ($20,400) and costs ($2135) for a total award of $22,535.

---

[1] They are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the requisite skill to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

## IV.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** Burrell's Motion for Attorney's Fees, Doc. 30, in the amount of **$22,535**, but **DENIES** his Motion insofar as he requests attorney's fees for future efforts to enforce this Order.

**SO ORDERED.**

**SIGNED: January 2, 2018.**

_[signature]_

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE